# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD., et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>1688 FACTORY DIRECT STORE STORE, et al.,<br><br>　　　　Defendants. | **FILED UNDER SEAL**<br><br><br>Civil Action No. 25-cv-06784-JPB |

## AFFIDAVIT OF SERVICE

I, David M. Lilenfeld, declare as follows:

1.　I am an attorney admitted to practice before this Court and one of the attorneys for Wham-O Holding, Ltd. and Intersport Corp. d/b/a WHAM-O ("Plaintiffs"). I am more than eighteen years old and am otherwise competent to give this testimony. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I would testify as follows.

2.　The Marketplaces effectuated the requests in the Temporary Restraining Order [Dkt. 10] and provided accurate e-mail information by December 17, 2025, for each Defendant listed in Schedule A to the Complaint with the exception of the AliExpress Marketplace.

3. The Court granted Plaintiff's request to serve Defendants electronically. (Order [Dkt. 10]). All Defendants[1] were served either by electronic mail to the e-mail addresses provided by the e-commerce platforms providing services for Defendants ("Marketplaces"), or, on December 17, 2025, Plaintiff instructed the Marketplaces to serve any other defendant directly through the e-commerce Marketplace platform.

4. Despite the directive in the TRO, the AliExpress marketplace was unable to provide email addresses for several defendants[2] in a timely manner. As such, consistent with similar circumstances in similar recent cases, on December 17, 2025, Plaintiff sent an email to AliExpress directly and requested AliExpress send the service email, with the link, to the affected Defendants.

5. On December 17, 2025, all Defendants were served either by electronic mail to the e-mail addresses provided by the Marketplaces, by sending an email to the email address listed on Defendants' storefront, or by sending a request to the Marketplace platform to serve Defendants directly through the Marketplace platform. All of the above-mentioned methods of service are reasonably calculated to provide notice of this lawsuit to Defendants, in accordance with the TRO.

---

[1] Defendants DOEs 352, 357, 396 and 454 have been dismissed and were not served.
[2] AliExpress Defendants are listed on Schedule A attached to the Complaint as DOEs 1-249.

6.      Such service included copies of the Complaint [Dkt. 1], Summonses, Temporary Restraining Order [Dkt. 9], along with notice that the Court extended the Temporary Restraining Order and reset the hearing on Plaintiff's Motion for Preliminary Injunction via videoconference to December 23, 2025, at 10:00 A.M [Dkt. #14]. Plaintiff will share any updates to hearing times and the zoom login information with Defendants promptly.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of December, 2025 at Atlanta, Georgia.

*/s/ David M. Lilenfeld*
David M. Lilenfeld